U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 24 2013

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-030-A |
| | § | (NO. 4:09-CR-102-A-2) |
| JESUS ULYSSES ARSEO-FRANCO, | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Jesus Ulysses Arseo-Franco ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion and accompanying memorandum, the record, the government's response, and applicable legal authorities, the court concludes that none of the grounds has merit and the motion should be denied.

I.

Background

Movant, along with two co-defendants, was found guilty by a jury of one count of kidnapping, in violation of 18 U.S.C. §§ 1201(a), and one count of use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c). Although the United States Sentencing Guidelines called for a range of 295 to 353 months imprisonment, the court determined that a sentence within that range was inappropriate, and sentenced movant to 180

months imprisonment and a five-year term of supervised release. His conviction and sentence were affirmed, <u>United States v. Arseo-Franco</u>, 439 F. App'x 433 (5th Cir. 2011), and certiorari review was denied, <u>Arseo-Franco v. United States</u>, 132 S. Ct. 1070 (Jan. 9, 2012). Movant timely filed his § 2255 motion on January 8, 2013.

II.

<u>Grounds of the Motion</u>

Movant identifies four grounds for relief, alleging that counsel was ineffective for: (1) failing to advise movant about the benefits of entering into a plea agreement; (2) failing to call witnesses who would have provided exculpatory testimony; (3) failing to effectively cross-examine witnesses; and (4) failing to challenge incorrect jury instructions.

III.

<u>Analysis</u>

A. <u>Legal Standard for 28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed

2

final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional

3

errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

1. Plea Agreement Claim

Movant first contends that his attorney never discussed a plea agreement with him and failed to communicate plea offers to him, but, at the same time, incompetently advised him to reject the offer and proceed to trial. As the government points out,

movant cannot have it both ways, and it is factually impossible for movant's attorney to have both failed to inform movant about a plea agreement and advised movant not to accept a plea agreement that had been offered. Further, movant cannot show that he was prejudiced by his attorney's actions regarding the alleged plea agreement, as he:

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

Movant alleges no specific facts regarding whether or how a plea agreement was offered, or any of the terms of an alleged plea agreement, that can show that it would have been accepted by the court. The government explains that its file for movant's case reflects that it had drafted a proposed plea agreement for movant to plead guilty to the kidnapping charge, and for the government to promise not to bring additional charges against movant, but there is no indication as to whether the offer was ever formally extended to movant. Further, there is nothing to show that, had movant accepted the offer, he would have received

a lesser sentence. The potential plea agreement contained no promises that movant would receive a particular sentences, but stated that movant's sentence could be "for any terms of years or life" and that the actual sentence imposed "is solely in the court's discretion." Gov't's App. at 2-3. Movant's conviction on the kidnapping count and the firearm count amounted to a guideline range of 295 to 353 months imprisonment, and, had movant been convicted only of the kidnapping count, his guideline range would have been 235 to 293 months or 210 to 262 months, depending on whether movant received credit for acceptance of responsibility. The sentence movant received, 180 months, already varied substantially from the guideline range, and the court determined that the sentence adequately and appropriately addressed movant's criminal conduct. Thus, even if movant had decided to plead guilty pursuant to the alleged plea agreement, he cannot show a reasonable probability that his sentence would have been more favorable under the terms of the agreement.

2. <u>Counsel's Failure to Call Witnesses</u>

Movant complains that his attorney did not interview or call witnesses who could have provided exculpatory testimony to the stand to testify. Movant claims that he informed counsel of favorable witnesses, that counsel had a "long list of defense witnesses who would have testified to the circumstances of the

alleged offense," and that the witnesses would have testified that the kidnapping victim was "consensually travelling" with movant and his co-defendants. Memo. at 13.

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." Sayre v. Anderson, 238 F.3d 631, 635-36 (5th Cir. 2001) (citing additional cases). Further, to establish that counsel was ineffective for failing to call favorable witnesses, movant "must show not only that this testimony would have been favorable, but also that the witness would have testified at trial." Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). "Where the only evidence of a missing witness's testimony is from the defendant, this Court views claims of ineffective assistance with great caution." Sayre, 238 F.3d at 636 (quoting Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir. 1986).

Movant provides nothing that can establish that his attorney was deficient or that movant was prejudiced by his attorney's failure to call witnesses. Movant does not identify any individuals who would have testified, nor does he provide any affidavits or declarations to support his speculative and unsubstantiated contentions. Further, movant's brother, Ricardo Ruiz, was called as a defense witness, and testified that the

victim was free to move about at a party in the house where he was being held, that the victim was enjoying the party, and that the victim voluntarily passed up an opportunity to obtain help from the police. Tr. Vol. 2 at 12-13. Accordingly, movant cannot meet the Strickland burden for ineffective assistance of counsel on this claim.

3. Cross-Examination of Witnesses

Movant contends that his attorney "failed to review all those prior inconsistent statements given by the adverse witnesses and failed to effectively cross-examine the witnesses." Mot. at 5. Movant argues that his attorney "failed to proffer evidence he sought to elicit" from the case agent, failed to develop a theory that the kidnapping victim and the victim's brother, Dagoberto Zurita ("Dagoberto"), had been involved in a drug conspiracy with the kidnappers, failed to cross-examine Dagoberto about his criminal history and cooperation with the government, and failed to adequately cross-examine a co-defendant, Sergio Armendarez-Carrazco ("Sergio"), who had pleaded guilty to the drug charge in exchange for having the kidnapping charge dismissed. Memo. at 15-16. Movant claims that attacking the credibility of these witnesses during cross-examination could have given the jury reasonable doubt "as to whether [the victim] was truly a victim of the drug groups kidnapping." Id. at 15.

8

As the government points out, movant's contentions are contradicted by the record. Dagoberto did not testify at movant's trial, which gave movant's attorney no opportunity to cross-examine him, and shows that movant's attorney could not have been deficient for failing to cross-examine him. Next, the record reflects that the jury was well aware of credibility issues with other witnesses. It heard from the victim that the kidnapping resulted from Dagoberto's failure to pay a drug debt, that the victim had also been involved in drug deals with the defendants, and that the victim had previously lied to law enforcement. Tr. at 206-10, 249-55, 266. The jury also knew that the government had agreed to dismiss the kidnapping charge against Sergio in exchange for his testimony, and that Sergio believed that the government would file a sentencing recommendation in his case depending on his cooperation. Tr. at 148-151, 158-59. Accordingly, movant's claim fails.

4. <u>Jury Instructions</u>

Movant argues that counsel "failed to challenge the incorrect jury instructions for the § 924(c) offense when the indictment charged [movant] with a conjunctive and the jury instruction was d[i]sjunctive of the two prongs." Mot. at 6.

Title 18 U.S.C. § 924(c)(1)(A)(i) provides:

> Any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i). Movant contends that there are two prongs to this section, (1) using or carrying a firearm in relation to a crime, and (2) possessing a firearm in furtherance of a crime. He argues that the indictment charged both prongs in the conjunctive "and", but that the charge of the court used the disjunctive "or", making it "impossible to ascertain which prong of the 924(c) offense is [movant] guilty of," and compromising movant's his right to a unanimous jury verdict. Memo. at 18.

A "disjunctive statute [such as § 924(c)] may be pleaded conjunctively and proved disjunctively." United States v. Pigrum, 922 F.2d 249, 253 (5th Cir. 1991); United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996) ("[D]espite having charged defendant with 'using and carrying' a firearm during and in relation to a drug trafficking crime, the government had only to prove that [defendant] 'used or carried' a firearm to convict him."); United States v. Johnson, 87 F.3d 133, 136 n.2 (5th Cir. 1996). Thus, the form of the jury verdict was not erroneous, any

objection would have been meritless, and movant's attorney was not deficient for failing to object to the instructions or verdict form. See Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

IV.

Order

Therefore,

The court ORDERS that the motion of Jesus Ulysses Arseo-Franco to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 24, 2013.

_____
JOHN McBRYDE
United States District Judge